# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-1528V
UNPUBLISHED

| | |
|---|---|
| KRISTIN BASSETT,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 28, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*William A. Ramsey*, Barrett & McNagny, Fort Wayne, IN, for Petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 5, 2020, Kristin Bassett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (S"IRVA") as a result of an influenza ("flu") vaccine administered on October 31, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 14, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On November 22, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $100,000.00 for actual pain and suffering. Proffer at 1. In the Proffer, Respondent

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $100,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| **KRISTIN BASSETT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-1528V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| **SECRETARY OF HEALTH AND** ) | |
| **HUMAN SERVICES,** ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 5, 2020, Kristin Bassett (petitioner) filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleged that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on October 31, 2018. Petition at 1. On November 9, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded. ECF No. 38. On November 14, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 39.

### I. Items of Compensation

Respondent proffers that petitioner should be awarded $100,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $100,000.00, representing compensation for all elements of economic and noneconomic damages, in the form of a check payable to petitioner, Kristin Bassett. Petitioner agrees.

### III.     Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Kristin Bassett:                                          **$ 100,000.00**

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                LARA A. ENGLUND
                Assistant Director
                Torts Branch, Civil Division

                */s/ Kimberly S. Davey*
                KIMBERLY S. DAVEY
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel: (202) 307-1815
                Kimberly.Davey@usdoj.gov

DATED: November 21, 2022

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.